UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| East Central Illinois Pipe Trades Health and Welfare Fund, Plumbers & Pipefitters Fringe Benefit Fund, and Plumbers & Pipefitters National Pension Fund,<br>                        Plaintiffs<br>      v.<br>Robert E. Watkins, d/b/a Union Plumbing; and Union Plumbing, Heating and Electric,<br>                        Defendants | Case No. 05-1223 |

**ORDER**

Now before the Court is the Motion by "Robert E. Watkins d/b/a Union Plumbing and Union Plumbing, Heating and Electric" to Alter or Amend or for Reconsideration /Clarification of April 24, 2007 Order." (Doc. #24). Defendants have also filed a motion seeking oral argument or leave to file a reply brief (Doc. #28).

The Motion to Reconsider is based on Defendants' erroneous belief that Robert E. Watkins himself was the ONLY defendant; he was just sued in two different capacities: d/b/a Union Plumbing and d/b/a Union Plumbing, Heating, and Air Conditioning. In other words, Defendants would have this Court infer the presence of a second "d/b/a" before "Union Plumbing, Heating and Air Conditioning". The Court finds, for reasons explained below, that this mis-understanding does not serve as a basis for revising the judgment or for reconsidering the substance of the Order.

First, the original complaint in this case named as defendant "Robert E. Watkins d/b/a Union Plumbing. The amended complaint added a count and named "Robert E. Watkins d/b/a Union Plumbing and Union Plumbing, Heating, and Air Conditioning." According to Watkins himself, Union Plumbing, Heating and Air Conditioning is a partnership; it cannot therefore be a "d/b/a". The former business association is governed by the Illinois Uniform Partnership Act, 805 ILCS 205/1 et seq, while the latter is governed by the Assumed Business

Name Act, 805 ILCS 405/1 et seq.  Thus, when the amended complaint was filed, a new, legally distinct defendant was added.

As was noted in the April 24 Order, the Amended Complaint cannot be held up as a model of clarity, and there was perhaps initially some doubt about whether Union Plumbing, Heating and Air Conditioning had been properly served.  Nonetheless, Watkins of all people would know that Union Plumbing, Heating and Air Conditioning was a separate entity and that adding that entity as a defendant was not simply another way of suing him individually.   His failure to seek clarification prolonged any uncertainty and is attributable only to him; he cannot now sandbag the plaintiffs on the basis of that uncertainty.

Similarly, Watkins' failure to challenge the sufficiency of service of process on Union Plumbing, Heating, and Air Conditioning in a timely manner results in the inescapable legal conclusion that any such argument has been waived.  Fed.R.Civ.P. 12(b)(5).  Moreover, there is sufficient factual basis - in the docket[1] and in Watkins' own subsequent conduct[2] - to support that legal conclusion.  Watkins sat on any rights he may have had.  He cannot now blame the Plaintiffs or the Court for the ramifications of his lack of diligence.

Second, this Motion requests that the judgment be altered or amended[3] pursuant to Fed.R.Civ.P. 59(e).  The Supreme Court has explained that this Rule was adopted to "make clear that the district court possesses the power to rectify its own mistakes in the period immediately following entry of judgment."  White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982).  In general, there are four basic grounds upon which a Rule 59(e) motion may be based:  manifest legal or factual errors; newly discovered evidence; to

---

[1] The April 24 Order discussed in detail the service of pleadings on Watkins, Union Plumbing, and Union Plumbing, Heating, and Air Conditioning.

[2] Watkins conduct - and his efforts to explain away his conduct - were thoroughly discussed and rejected in the April 24 Order.  In brief, he has never disputed that he received copies of all pleadings in this case, and his affidavit clearly shows that he was aware at all times of the pendency of this litigation.

[3] Rule 59(e) has been consistently interpreted as also encompassing motions to reconsider under proper circumstances.  See, e.g., Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350 (5th Cir. 1993).  All aspects of this Motion, therefore, fall within the auspices of this Rule.

prevent manifest injustice; or intervening change in law.  See, Wright, Miller & Kane, Federal Practice and Procedure (Civil 2d),  § 2810.1 at notes14-19.   As noted above, the Order entered by this Court was not based on a manifest factual error made by this Court;  any such error was the error of Defendants.  There is therefore no basis for employment of this Rule under these circumstances.

Finally, use of Rule 59(e) to raise new arguments is an improper use of the Rule.  In <u>In Matter of Reese</u>, 91 F.3d 37 (7th Cir. 1996), the Court of Appeals held that a motion under Rule 59(e) to vacate judgment could not be used to enable a party to complete presenting his case after the court had ruled.  Accord,  <u>Landrau-Romero v. Banco Popular De Puerto Rico</u>, 212 F.3d 607 (1st Cir. 2000)(tolling); <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877 (9th Cir. 2000) (choice of law); <u>Tribe of Chippewa Indians v. Engel</u>, 146 F.3d 367 (7th Cir. 1998)(statutory interpretation).

Here, any issue as to the relationship between Watkins, Union Plumbing, and Union Plumbing, Heating, and Air Conditioning could and should have been raised well before entry of default against these parties.  Introduction of such issues at this late date will not be allowed.

Accordingly, the Motion to Reconsider (#24) is DENIED in its entirety.  The Court sees no need for oral argument or for a reply brief, so Defendants' Motion (#28) for Oral Argument or for Leave to File a Reply is also DENIED.   This matter is set for a telephone conference on June 12, 2007 at 11:00 a.m., at which time the Court will schedule an evidentiary hearing for prove up of damages.  The Court will place the call.

ENTER this 4th day of June 2007

                                                s/ Michael M. Mihm

                                                MICHAEL M. MIHM

                                                UNITED STATES DISTRICT JUDGE